# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ENTERTAINMENT STUDIOS NETWORKS, INC., a California corporation; WEATHER GROUP, LLC, a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>  v.<br><br>McDonald's USA, LLC, a Delaware limited liability company,<br><br>    Defendant. | Case No. 1:23-cv-00529<br><br>Case in Other Court: 2:21-cv-04972-FMO-MAA (C.D. Cal. 2021) |

## MOTION OF NON-PARTIES MCDONALD'S CORPORATION AND CHRISTOPHER KEMPCZINSKI TO <u>PREVENT ENFORCEMENT OF RULE 45 SUBPOENA</u>

Pursuant to Federal Rule of Civil Procedure 45 and 26, McDonald's Corporation ("McDonald's Corp.") and Christopher Kempczinski (collectively, the "Non-Parties"), by and through their attorneys, hereby move this Court for an order quashing or otherwise preventing enforcement of the Subpoena served by Plaintiffs Entertainment Studios Networks, Inc. ("ESN") and Weather Group, LLC ("TWC"). In support thereof, the Non-Parties state as follows:

1. Mr. Kempczinski is the current CEO and President of non-party McDonald's Corporation ("McDonald's Corp."), a Delaware corporation with its headquarters located at 110 N. Carpenter Street, Chicago, Illinois, 60607. In connection with a case pending in the United States District Court for the Central District of California (*Entertainment Studios Networks, Inc., et al. v. McDonald's USA, LLC*, 2:21-cv-04972-FMO-MAA) ("C.D. Cal Litigation"), Plaintiffs served counsel for McDonald's USA, LLC ("McDonald's USA") and Non-Parties with a subpoena

on June 11, 2022 directing Mr. Kempczinski to produce documents and appear for a deposition on July 7, 2022 in Chicago, Illinois.

2. Despite numerous efforts by the Non-Parties to reach agreement about the information sought by the subpoena—including offering to make Mr. Kempczinski, the CEO and President of McDonald's Corp., available for a limited deposition, as well as a separate Rule 30(b)6) deponent —Plaintiffs have continued to insist that they are entitled to a broad and largely unlimited deposition of Mr. Kempczinski, as well as production of six months of irrelevant text messages. Instead of moving towards a more narrowly tailored discovery request, Plaintiffs have recently broadened their demands by insisting upon a Rule 30(b)(6) witness in addition to Mr. Kempczinski, despite having never served McDonald's Corp. with a subpoena for such testimony, not to mention the fact that fact discovery is now closed, save for finding a resolution to outstanding discovery disputes like the subpoena at issue here.

3. As a non-party apex witness, Mr. Kempczinski is entitled to the protection of the apex doctrine, and Plaintiffs failed to pursue less burdensome methods of discovery. Even if Plaintiffs had properly exhausted less burdensome methods, they still have not established that Mr. Kempczinski has any personal knowledge relating to the matters at issue in the C.D. Cal. Litigation—namely, Plaintiffs' claims of intentional discrimination in contracting for national television advertising. Additionally, the subpoena must be quashed for an independent reason— namely, it imposes an undue burden upon Mr. Kempczinski and McDonald's Corp.

4. The subpoena also requests "all" of Mr. Kempczinski's text messages with Chicago Mayor Lori Lightfoot over a six-month period. There is no dispute that Plaintiffs are in possession of the message referred to in the Third Amended Complaint in the C.D. Cal. Litigation (as it is publicly available); thus, the request seeks documents broader than this particular message.

Plaintiffs have not articulated how this request is designed to elicit information relevant to the claims and defenses at issue in the litigation, nor have they established it is proportional to the needs of the case.

5. By rejecting Non-Parties efforts to reach a compromise, thereby necessitating the filing of this motion, Plaintiffs have failed to prevent the imposition of undue burden and expense on the Non-Parties, and thus, they also seek reasonable costs and fees as allowed under Federal Rule of Civil Procedure 45(d)(1). *Little v. JB Pritzker for Governor*, No 18 C 6954, 2020 WL 1939358, at *8 (N.D. Ill. April 22, 2020).

6. As further detailed in the Declaration of Amy C. Andrews submitted in support hereof, counsel has engaged in numerous good faith attempts, including multiple telephonic meet and confers, to resolve this issue but have been unable to reach an accord.

For these reasons, and those set forth in the accompanying Memorandum of Law, the Non-Parties respectfully request that the Court quash or otherwise prevent enforcement the subpoena directed to Mr. Kempczinski.

Dated: January 27, 2023                     By:     /s/ Amy C. Andrews

                                            Patricia Brown Holmes
                                            Amy C. Andrews
                                            RILEY SAFER HOLMES & CANCILA LLP
                                            70 West Madison Street, Suite 2900
                                            Chicago, IL  60602
                                            Telephone: (312) 471-8700
                                            pholmes@rshc-law.com
                                            aandrews@rshc-law.com

                                            John C. Hueston (*pro hac vice forthcoming*)
                                            HUESTON HENNIGAN LLP
                                            523 West 6th Street, Suite 400
                                            Los Angeles, CA 90014
                                            Telephone: (213) 788-4340
                                            jhueston@hueston.com

                                            *Attorneys for Non-Parties McDonald's Corporation and Christopher Kempczinski*

# CERTIFICATE OF SERVICE

I, Amy C. Andrews, certify that on January 27, 2023, I served a copy of the foregoing Motion of Non-Parties McDonald's Corporation and Christopher Kemczinski to Prevent Enforcement of Rule 45 Subpoena on the following counsel of record in *Entertainment Studios Networks, Inc., et al. v. McDonald's USA, LLC*, Case No. 2:21-cv-04972-FMO-MAA (C.D. Cal.), by causing a copy to be sent by electronic mail, addressed as follows:

| | |
|---|---|
| Shalem A. Massey (smassey@rshc-law.com) <br> Jennifer R. Steeve (jsteeve@rshc-law.com) <br> RILEY SAFER HOLMES AND CANCILA LLP <br> 100 Spectrum Center Drive, Suite 650 <br> Irvine, California 92618 <br><br> Patricia Brown Holmes (pholmes@rshc-law.com) <br> Amy C. Andrews (aandrews@rshc-law.com) <br> RILEY SAFER HOLMES AND CANCILA LLP <br> 70 West Madison Street, Suite 2900 <br> Chicago, Illinois 60602 <br><br> Loretta E. Lynch (lelynch@paulweiss.com) <br> PAUL WEISS RIFKIND WHARTON AND GARRISON LLP <br> 1285 Avenue of the Americas <br> New York, New York 10019 <br><br> John C. Hueston (jhueston@hueston.com) <br> Moez M. Kaba (mkaba@hueston.com) <br> HUESTON HENNIGAN LLP <br> 523 West Sixth Street Suite 400 <br> Los Angeles, CA 90014 <br><br> *Attorneys for Defendant McDonald's USA, LLC* | David W. Schecter (dschecter@millerbarondess.com) <br> Louis R. Miller (smiller@millerbarondess.com) <br> Murad Salim (msalim@millerbarondess.com) <br> MILLER BARONDESS LLP <br> 1999 Avenue of the Stars Suite 1000 <br> Los Angeles, California 90067 <br><br> *Attorneys for Plaintiffs Entertainment Studios Networks, Inc. and Weather Group, LLC* |

/s/ *Amy C. Andrews*
Amy C. Andrews