UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ENTERTAINMENT STUDIOS NETWORKS, INC., a California corporation; WEATHER GROUP, LLC, a Delaware limited liability company,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>McDonald's USA, LLC, a Delaware limited liability company,<br><br>　　　　Defendant. | Case No. 1:23-cv-00529<br><br>Case in Other Court: 2:21-cv-04972-FMO-MAA (C.D. Cal. 2021) |

**MEMORANDUM IN SUPPORT OF MOTION OF
NON-PARTIES MCDONALD'S CORPORATION AND CHRISTOPHER
KEMPCZINSKI TO PREVENT ENFORCEMENT OF RULE 45 SUBPOENA**

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................... 1

PROCEDURAL BACKGROUND........................................................................................... 2

    A.    The Underlying Litigation. .................................................................................... 2

    B.    Plaintiffs' Subpoena to Non-Party Mr. Kempczinski, the CEO and President of Non-Party McDonald's Corp. ......................................................................................... 2

    C.    The Court's Ruling on McDonald's USA's Motion to Dismiss.................................. 3

    D.    Efforts to Address Enforcement of the Kempczinski Subpoena in the Underlying Litigation................................................................................................................ 4

    E.    Plaintiffs' Rejection of McDonald's Efforts to Compromise. ..................................... 5

LEGAL STANDARD................................................................................................................ 6

ARGUMENT ............................................................................................................................. 7

I.    RULES 26 AND 45 PRECLUDE ENFORCEMENT OF THE DEPOSITION SUBPOENA. .................................................................................................................. 7

    A.    As The CEO and President of Non-Party McDonald's Corporation, Mr. Kempczinski Is Entitled to the Protection of the Apex Doctrine......................................................... 7

        1.    Plaintiffs Previously Chose to Forgo the Corporate Culture Testimony They Now Seek and Thus, Failed to Pursue Less Burdensome Methods. .............................. 8

        2.    Mr. Kempczinski Has No Unique Personal Knowledge Regarding the Parties' Dispute. ........................................................................................................... 9

            a.    Mr. Kempczinski Was Not Involved with the Challenged Decisions…9

            b.    The So-Called "Corporate Culture" Discovery is Not Relevant.........10

        3.    Allowing The Deposition Would Impose a Hardship on Mr. Kempczinski and McDonald's Corporation. .................................................................................. 12

    B.    The Subpoena Subjects Non-Parties McDonald's Corp. and Mr. Kempczinski to An Undue Burden and "Must" Be Quashed Pursuant to Rule 45(d)(3)(iv). .................... 13

II.    THE COURT SHOULD ENTER A PROTECTIVE ORDER PRECLUDING PLAINTIFFS FROM SEEKING ENFORCEMENT OF THE SUBPOENA *DUCES TECUM*. ............... 14

CONCLUSION........................................................................................................................ 15

# INTRODUCTION

Non-Parties McDonald's Corporation ("McDonald's Corp.") and Christopher Kempczinski, the current President and CEO of McDonald's Corp, (collectively, the "Non-Parties"), hereby submit this memorandum of law in support of their motion pursuant to Federal Rules of Civil Procedure 45 and 26, seeking an order quashing or otherwise preventing enforcement of the June 10, 2022 subpoena served by Plaintiffs Entertainment Studios Networks, Inc. ("ESN") and Weather Group, LLC ("TWC") on Mr. Kempczinski on June 11, 2022 in connection with a case pending in the U.S. District Court for the Central District of California, *Entertainment Studios Networks, Inc. et al. v. McDonald's USA, LLC*, 2:21-cv-04972-FMO-MAA (the "C.D. Cal. Litigation").

Despite numerous efforts by the Non-Parties to reach agreement about the information sought by the subpoena—including offering to make Mr. Kempczinski, the CEO and President of McDonald's Corp., available for a limited deposition on two specific issues—Plaintiffs have continued to insist that they are entitled to a broad and largely unlimited deposition and production of six months of irrelevant text messages. Instead of moving towards a more narrowly tailored discovery request, Plaintiffs have recently ***broadened*** their demands by insisting upon a Rule 30(b)(6) witness in addition to Mr. Kempczinski, despite having never served McDonald's Corp. with a subpoena for such testimony, not to mention the fact that fact discovery is now closed, save for finding a resolution to outstanding discovery disputes like the subpoena at issue here. McDonald's Corp. has made multiple efforts to reach a compromise on this dispute, all of which have been rejected by Plaintiffs. As such, Mr. Kempczinski and McDonald's Corp. are left with no alternative but to seek this Court's intervention to quash the subpoena or otherwise prevent Plaintiffs from seeking its enforcement. Additionally, because Plaintiffs have failed to prevent the

imposition of undue burden and expense upon the Non-Parties, they seek reasonable costs and fees as allowed under Federal Rule of Civil Procedure 45(d)(1).

## PROCEDURAL BACKGROUND

**A.     The Underlying Litigation.**

The underlying litigation was brought in May 2021 by Plaintiffs ESN and TWC, two media businesses owned by Byron Allen Folks ("Allen"), against McDonald's USA, LLC ("McDonald's USA"), pursuant to 42 U.S.C. § 1981. Plaintiffs allege that McDonald's USA refused to purchase advertising time on their networks because Mr. Allen is Black. *See generally* Plaintiffs' Third Amended Complaint ("TAC"), attached as Ex. 1 to the Declaration of Amy C. Andrews ("Andrews Decl."). Fact discovery in the C.D. Cal. Litigation closed on November 15 2022, although the Court granted an extension to February 13, 2023 for the limited purpose of resolving certain outstanding discovery disputes, including the subpoena at issue in this motion. Ex. 2.

The Parties to the C.D. Cal. Litigation have completed extensive discovery regarding the facts and issues in the underlying litigation. Specifically, McDonald's USA produced documents relating to Plaintiffs, their networks, McDonald's USA's advertising buying process (including the evaluation of Plaintiffs' media offerings by it and its agency partners), and McDonald's USA's advertising with minority-owned media partners. McDonald's USA has also produced four witnesses for deposition, including pursuant to Rule 30(b)(6).

**B.     Plaintiffs' Subpoena to Non-Party Mr. Kempczinski, the CEO and President of Non-Party McDonald's Corp.**

Plaintiffs also sought extensive discovery from Non-Parties McDonald's Corp., the parent company of McDonald's USA, and Mr. Kempczinski. After multiple meet and confer efforts in early 2022 regarding the issue—where Counsel repeatedly informed Plaintiffs that the Non-Parties had no responsibility for or involvement with the advertising decisions of McDonald's USA, let

2

alone the unique first-hand knowledge required to take the deposition of a CEO (Andrews Decl. ¶ 7; Ex. 4 at 6)—Plaintiffs agreed that they would address the apex objection by first deposing lower-level McDonald's USA employees. Andrews Decl. ¶ 7; Ex. 4 at 12.

Despite this written agreement, on June 10, 2022 (before any lower-level depositions were even scheduled), Plaintiffs issued a notice of Rule 45 subpoena *duces tecum* and *ad testificandum* to Mr. Kempczinski, with a compliance date of July 7, 2022. Exs. 3, 5 at 1. After accepting service of the subpoena, Counsel for McDonald's USA and the Non-Parties reiterated their objections that the subpoena sought irrelevant information and that any deposition of Mr. Kempczinski was improper under the apex doctrine. Ex. 5 at 2-4. Counsel further stated that McDonald's Corp.[1] would seek to quash the subpoena or obtain a protective order, and requested that Plaintiffs withdraw the subpoena. *Id.* On June 24, 2022, Plaintiffs stated that they refused to withdraw the subpoena but would put it "on hold and not seek to enforce [the Kempczinski subpoena] until [Plaintiffs] have deposed" lower-level witnesses. *Id.* at 6. Plaintiffs' counsel also agreed that Plaintiffs "will not argue McDonald's has waived, or unduly delayed, in seeking to prevent these depositions through a motion to quash or motion for protective order." *Id.*

Plaintiffs never issued a new Rule 45 subpoena to Mr. Kempczinski, nor provided a new date for compliance after waiving the July 7, 2022 date.

### C. The Court's Ruling on McDonald's USA's Motion to Dismiss.

On September 16, 2022, Judge Olguin of the United States District Court for the Central District of California denied McDonald's USA's motion to dismiss the TAC. After the Court's ruling, Plaintiffs demanded that McDonald's Corp. make Mr. Kempczinski available for a

---

[1] Because the subpoena seeks the testimony of Mr. Kempczinski in his capacity as CEO of McDonald's Corp., as well as production of documents in its possession, custody or control, McDonald's Corp. has an interest in its enforcement. *See Louisiana Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, 2023 WL 156876, at *6 (E.D. La. Jan. 11, 2023).

deposition to address his "text messages and oral statements,"[2] and produce "all" of Mr. Kempczinski's text messages with Mayor Lightfoot. Andrews Decl. ¶ 10; Ex. 7 at 4-5. On October 7, 2022, Counsel met and conferred via telephone, and on October 12, 2022, counsel for the Non-Parties reiterated via email that McDonald's Corp. would seek a protective order and/or to quash the subpoena directed at Mr. Kempczinski. Andrews Decl. ¶ 10; Ex. 7 at 6.

Pursuant to the Local Rules for the Central District of California (and the parties' prior agreement to seek that Court's assistance with respect to the Rule 45 subpoena), Counsel held an Informal Discovery Conference ("IDC") with Magistrate Judge Audero of the United States District Court for the Central District of California on October 28, 2022. During the IDC, Judge Audero noted that Plaintiffs had not satisfied their obligation to depose lower-level employees and thus, McDonald's apex objection remained valid. Ex. 7 at 10-11. Plaintiffs rejected McDonald's Corp.'s post-IDC offer to present another high-level corporate witness who could further substantiate the apex objection (Andrews Decl. ¶ 11; Ex. 8 at 4), and proceeded with preparation of a Joint Submission pursuant to C.D. Cal. Local Rule 37-2. Andrews Decl. ¶ 12.

### D. Efforts to Address Enforcement of the Kempczinski Subpoena in the Underlying Litigation.

On January 5, 2023, Counsel for Plaintiffs, Defendant and the Non-Parties filed with the United States District Court for the Central District of California a Joint Stipulation regarding the subpoena to Mr. Kempczinski, which identified the following two issues of dispute: (a) Document Request No. 6, which seeks production of "all" text messages between Mr. Kempczinski and Lori Lightfoot from January 1, 2021 through June 30, 2021, and (b) a deposition of Mr. Kempczinski

---

[2] The text message in question is Mr. Kempczinski's April 2021 text to Chicago Mayor Lightfoot (TAC ¶¶ 2, 3), while "oral statements" refers to an allegation in an unrelated lawsuit pending in this district, *Victoria Guster-Hines, et al. v. McDonald's USA, LLC, et al.*, (Case No. 1:20-cv-00117 N.D. Ill.) (the "*Guster-Hines* litigation"), that attributes to Kempczinski an alleged statement "that the 'numbers [of African Americans] don't matter." TAC ¶ 6.

4

regarding the Lightfoot text and the *Guster-Hines* allegation. Ex. 9. A declaration from Mr. Kempczinski was submitted in support of the Joint Stipulation in which he stated that he had no first-hand, unique knowledge regarding the advertising decisions that are at issue in the C.D. Cal. Litigation. Ex. 10 at ¶¶ 3-5. On January 17, 2023, Judge Audero held an IDC regarding the Joint Stipulation, and advised Counsel that pursuant to Fed. R. Civ. P. 45, only the court for the district where compliance is required has jurisdiction to hear a motion to quash, modify or for contempt, and directed Plaintiffs and Non-Parties to address their dispute in this District. Ex. 11.

      **E.     Plaintiffs' Rejection of McDonald's Efforts to Compromise.**

Thereafter, counsel met and conferred via telephone on January 18, 2023 at which time Counsel for the Non-Parties inquired whether, in light of Judge Audero's guidance at the January 17, 2023 IDC, Plaintiffs would be willing to consider a compromise that would obviate motion practice in the Northern District of Illinois, and specifically, whether Plaintiffs would (a) withdraw document request No. 6; and (b) agree to a deposition of Mr. Kempczinski limited in (i) time and (ii) scope (and specifically, to the two specific issues identified by Judge Audero as those upon which he appeared to have first-hand knowledge, namely, the sole Lightfoot text and the alleged statement in the *Guster-Hines* complaint). Andrews Decl. ¶ 15; Ex. 12 at 6. Counsel for McDonald's Corp. reiterated this request in an email on January 20, 2023; however, Plaintiffs declined, asserting (incorrectly) that the Non-Parties are "not entitled to a special set of rules," and maintaining that Plaintiffs were entitled to all of Mr. Kempczinski's text messages, a five-and-half hour deposition of Mr. Kempczinski regarding "the corporate culture allegations in the [TAC]," as well as making a new demand for a McDonald's Corp. Rule 30(b)(6) witness on the same topics. Andrews Decl. ¶ 15; Ex. 12 at 2-3. Counsel held several more meet and confers during the week of January 20, during which counsel for the Non-Parties offered limited Rule 30(b)(6) testimony, which was also rejected. Andrews Decl. ¶ 15; Ex. 12 at 1.

5

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 45, on timely motion, the Court "must quash or modify a subpoena that … subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv); *see also* Fed. R. Civ. P. 45(d)(2)(B)(ii) (court "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance" with a subpoena). Status as a non-party "is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue." *Treśna Multimedia, LLC v. Legg*, No. 15 C 4834, 2015 WL 4911093, at *2 (N.D. Ill. Aug. 17, 2015) (quoting *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 188 (N.D. Ill. 2013)). Non-parties are entitled to such "special weight" because, "[a]lthough discovery is by definition invasive, parties to a lawsuit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations." *United States v. Amerigroup Ill., Inc.*, No. 02 C 6074, 2005 WL 3111972, at *5 (N.D. Ill. Oct. 21, 2005) (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)).

Rule 45's protections of non-parties are further supplemented by Rule 26's explicit requirement that the "court ***must*** limit the frequency or extent of discovery … that [is] (i) unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient [or] less burdensome" or (ii) where "the party seeking discovery has ample opportunity to obtain the information by discovery" or "(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C) (emphasis added). "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Optimize Tech. Solutions, LLC v. Staples, Inc.*, No. 14-MC-90095, 2014 WL 1477651, at *2 (N.D. Cal. Apr. 14, 2014). Where the information sought by the subpoena seeks information from a nonparty that is not relevant or proportionate,

6

both Rules 45(d) and 26(c) empower the Court to enter order quashing or modifying the subpoena as necessary to protect a subpoenaed party.

## ARGUMENT

I. **RULES 26 AND 45 PRECLUDE ENFORCEMENT OF THE DEPOSITION SUBPOENA.**

    A. **As The CEO and President of Non-Party McDonald's Corporation, Mr. Kempczinski Is Entitled to the Protection of the Apex Doctrine.**

As a non-party apex witness, Mr. Kempczinski is entitled to the full protections of Rules 26 and 45. Apex depositions are inappropriate when ***any*** of four circumstances exist: "(1) the official has no unique personal knowledge of the matter in dispute; (2) the information can be garnered from other witnesses; (3) the information can be garnered from other discovery methods; or (4) sitting for the deposition would impose a hardship in light of the officer's other duties." *Little v. JB Pritzker for Governor*, No. 18 C 6954, 2020 WL 868528, at *1 (N.D. Ill. Feb. 21, 2020); *see also Apple Inc. v. Samsung Electronics Co.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012). The "apex doctrine seeks to prevent a high-ranking corporate executive from being run through the wringer of civil discovery, when they do not have personal knowledge of the relevant facts; in other words, to protect apex employees from annoyance, embarrassment, oppression, or undue burden or expense." *Full Circle Villagebrook GP, LLC v. Protech 2004-D, LLC*, No. 20 C 7713, 2022 WL 16646418, at *3 (N.D. Ill. Nov. 2, 2022) (citation omitted); *see also Littlefield v. Nutribullet, LLC*, No. CV 16-6894 MWF (SSX), 2017 WL 10438897, at *5 (C.D. Cal. Nov. 7, 2017); *Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*, 310 F.R.D. 523, 527 (S.D. Fla. 2015). "As such, the apex doctrine . . . is not an ironclad rule, but bespeaks sensitivity to the risk that very valuable executive time would be wasted where the officer has no real information." *Dyson v. Sharkninja Operating LLC*, No. 1:14-CV-0779, 2016 WL 1613489, at *1 (N.D. Ill. Apr. 22, 2016) (internal citation and quotation omitted).

7

      **1.**      **Plaintiffs Previously Chose to Forgo the Corporate Culture Testimony They Now Seek and Thus, Failed to Pursue Less Burdensome Methods.**

Plaintiffs now seek to justify the deposition of Mr. Kempczinski and a McDonald's Corp. Rule 30(b)(6) witness[3] on the basis that they are entitled to discovery of "the corporate culture allegations" in the TAC, including "the proposed civil rights audit of McDonald's Corp. and two lawsuits brought against McDonald's USA for African American franchisees for racial discrimination …." Andrews Decl. ¶ 15; Ex. 9 at 17; Ex. 12 at 2-3. But Plaintiffs previously sought and then agreed not to pursue such "corporate culture" discovery from McDonald's USA. In July 2022, they served a Rule 30(b)(6) deposition notice on McDonald's USA, which included topics relating to these very issues. Andrews Decl. ¶ 16; Ex. 13 at 8. After meeting and conferring with counsel for McDonald's USA, on August 8, 2022, Plaintiffs' counsel confirmed in writing that they would not seek testimony on these topics and that McDonald's USA need not produce a witness on those issues. Andrews Decl. ¶ 16; Ex. 13 at 13-14. Plaintiffs' counsel never sought to further meet and confer about this issue, nor did they withdraw their prior confirmation not to pursue deposition testimony from McDonald's USA on these topics. And at this juncture, any such effort would be untimely, given that fact discovery closed on November 15, 2022.

Plaintiffs offer no explanation as to the basis for now pursuing this discovery, let alone in such an invasive manner as through a deposition of the CEO of Non-Party McDonald's Corp. But even if they could, because Plaintiffs failed to pursue this discovery from a party, they are now barred from seeking it from the Non-Parties. *See, e.g., Duong v. Groundhog Enterprises, Inc.*, 2:19-CV-01333, 2020 WL 2041939, at *7 (C.D. Cal. Feb. 28, 2020) (a Rule 45 subpoena is unduly burdensome and disproportionate where the "information requested through a nonparty subpoena

---

[3] Plaintiffs never served McDonald's Corp. with a Rule 45 subpoena for a Rule 30(b)(6) witness; thus, this request is facially invalid.

8

is readily available from a party"); *Groupion, LLC v. Groupon, Inc.*, No. 11-0870 MEJ, 2012 WL 359699, at **3–4 (N.D. Cal. Feb. 2, 2012) (denying request for apex depositions where plaintiff failed to establish through depositions of other employees that apex deponents had unique, non-repetitive, firsthand knowledge of facts).

### 2. Mr. Kempczinski Has No Unique Personal Knowledge Regarding the Parties' Dispute.

Even if Plaintiffs had properly exhausted less burdensome methods of discovery, they still have not established that Mr. Kempczinski has any personal knowledge relating to the matters at issue in the C.D. Cal. Litigation—namely, Plaintiffs' claims of intentional discrimination in contracting for national television advertising. "Courts have not hesitated to block efforts to depose high-ranking officials where ... the officials do not have unique personal knowledge of the facts underlying the events that lead to the lawsuit in question." *Full Circle Villagebrook GP,* 2022 WL 16646418, at *4; *see also Apple, Inc.*, 282 F.R.D. at 266 (denying apex deposition where supposed evidence of unique knowledge had no connection to decisions at issue in litigation).

#### a. Mr. Kempczinski Was Not Involved with the Challenged Decisions.

Indeed, Mr. Kempczinski's lack of involvement with the challenged decisions has been confirmed by McDonald's USA deponents, who testified that:

- McDonald's USA's advertising decisionmakers did not report to Mr. Kempczinksi (Ex. 14, Mason Dep. Tr. 8/24/22, 15:20-16:17).
- They did not speak to him in his capacity as CEO of McDonald's Corp (the role he was in when he sent the text message) (*id.* at 196:3-13).
- The persons responsible for media buying never spoke with Mr. Kempczinski about media investments at all (Ex. 15, Feldman Dep. Tr. 8/26/22, 191:1-193:5).

Mr. Kempczinski's lack of involvement in the challenged decisions is further confirmed by his sworn declaration. Ex. 10 ¶¶ 3-5.

b.      The So-Called "Corporate Culture" Discovery is Not Relevant.

Because Plaintiffs cannot connect Mr. Kempczinski to the advertising buying decisions that are at issue in this lawsuit, they have instead sought to justify his deposition through a narrative of "racist corporate culture," via the following allegations: (a) Mr. Kemczinski's text message with Chicago Mayor Lori Lightfoot; (b) an allegation from the *Guster-Hines* lawsuit about a single statement attributed to Mr. Kempczinski while he was President of McDonald's USA; and (c) various other allegations in the TAC. But none of these are sufficient to overcome the high burden of the apex objection, which requires "unique first-hand, non-repetitive knowledge of the ***facts at issue in the case*** …." *Apple Inc.*, 282 F.R.D. at 263 (emphasis added); *see also Harapeti v. CBS Television Stations, Inc.*, 2021 WL 8316391, at *3 (D.N.J. Dec. 1, 2021) (allegations that former senior executive may have engaged in harassing or discriminatory conduct insufficient to overcome apex objection where that conduct was not directed at plaintiff and there was no allegation that senior executive had "any personal or unique knowledge" of plaintiff or her claims); *Harapeti v. CBS Television Stations, Inc.*, 2021 WL 3932424, at *3 (S.D.N.Y. Sept. 2, 2021) (same, collecting cases).

In support of their sole argument as to the relevance of the text message and the *Guster-Hines* allegation, Plaintiffs seize on a single sentence from the Court's Order on McDonald's USA's motion to dismiss in which the Court, citing *Metoyer v. Chassman*, 504 F.3d 919 (9th Cir. 2017) and *Nat'l Ass'n of Afr. Am.-Owned Media v. Charter Commc'ns, Inc.*, 915 F.3d 617 (9th Cir. 2019), observed that "remarks by a corporation's senior management that suggest the existence of racial bias ***can*** support a § 1981 claim, even when not directed at the plaintiff specifically." Ex. 6 at 11 (emphasis added). Not only do Plaintiffs attempt to divorce that statement from its proper procedural context—a ruling on a motion to dismiss, without the benefit of any facts outside the four corners of the complaint—they attempt to stretch its applicability to justify

10

their sweeping discovery requests. But quite unlike the situation in *Metoyer* and *Charter* where the person claimed to have exhibited the discriminatory animus was connected to the challenged decisions (*see* 504 F.3d at 938-39; 915 F.3d at 620-21), Mr. Kempczinski had no role or influence in the decision-making process underlying the Plaintiffs' discrimination claims:

- Every single current McDonald's USA employee witness testified under oath that Mr. Kempczinski had no role in the national advertising contracting process. Ex. 14 at 15:20-16:17, 196:3-13; Ex. 15 at 191:1-193:5.
- Mr. Kempczinski himself has submitted a sworn declaration affirming the same. Ex. 10 ¶¶ 3-5.
- And every current and former member of **Plaintiffs' advertising sales team** who sat for deposition has testified at deposition that in all the years they worked for Plaintiffs, ***they have never even spoken to Mr. Kempczinski, let alone negotiated an advertising contract with him***. Ex. 16, Galatt Dep. Tr. 10/3/22, 291:10-292:18; Ex. 17, Bekkedahl Dep. Tr. 10/4/22, 239:4-17.

Mr. Kempczinski was simply not a decision maker with regard to the advertising decisions by McDonald's USA that form the basis of Plaintiffs' claim, and he had no direct interactions with Mr. Allen or Plaintiffs. Ex. 10 ¶¶ 3-5. The absence of a "link" between him and Mr. Allen and the Plaintiffs renders irrelevant the Lightfoot text and the *Guster-Hines* allegation regarding an alleged statement attributed to Mr. Kempczinski. *Harapeti*, 2021 WL 3932424, at *3; *Blanton v. Torrey Pines Prop. Mgmt., Inc.*, No. 15-CV-0892, 2017 WL 1957560, at *3 (S.D. Cal. May 10, 2017) (discovery only relevant to the claim of another and not the plaintiff is not relevant); *see also Starz Entertainment, LLC v. MGM Domestic Telev. Distrib.*, No. 2:20-CV-04085, 2022 WL 2230129, at *8 (C.D. Cal. May 31, 2022) (information that does not assist with determination of liability or assessment of damages is not relevant).

Finally, Plaintiffs do not even try to tie Mr. Kempczinski to the other allegations in the TAC, asserting (without legal support) that they should be able to examine him about it. But the franchisee cases (TAC ¶¶ 7-8) involved allegations that McDonald's USA engaged in discriminatory practices with regard to franchisee operations, and do not involve any allegations

11

regarding McDonald's USA's marketing practices or advertising decisions, nor do they contain any specific allegations relating to Mr. Kempczinski. And the civil rights assessment (*id.* ¶ 5) is similarly lacking in any connection to Mr. Kempczinski. In short, there is simply nothing to suggest that he has any knowledge relevant to these issues, let alone the unique, first-hand knowledge necessary for an apex witness. *Apple*, 282 F.R.D. at 266; *Blanton*, 2017 WL 1957560, at *3; *see also Starz Entertainment, LLC,* 2022 WL 2230129, at *8.

> 3. **Allowing The Deposition Would Impose a Hardship on Mr. Kempczinski and McDonald's Corporation.**

"Virtually every court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment." *Dauth v. Convenience Retailers, LLC*, No. C 13-047, 2013 WL 4103443, at *1 (N.D. Cal. Aug. 12, 2013). Accordingly, courts are particularly sensitive "to the risk that very valuable executive time would be wasted" and will preclude the deposition of an apex official where, as here, there is the risk of unnecessary or undue hardship. *Little*, 2020 WL 868528, at *1; *see also Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (affirming court's refusal to compel deposition of high-ranking executive because it would be costly and burdensome). As President and CEO of McDonald's Corp., Mr. Kempczinski is responsible for running a worldwide corporation with more than $23 billion in annual revenue and approximately 200,000 employees. Ex. 10 ¶ 6. Requiring Mr. Kempczinski to step away from those duties to prepare and sit for an unrestricted deposition would undeniably be burdensome and disruptive to the business.

And the potential for abuse or harassment is particularly acute here given that Plaintiffs' entire basis for seeking a deposition of Mr. Kempczinski is not to examine his connection to the facts at issue in this lawsuit, but rather his views on race and culture. This is precisely the type of

12

harassing conduct that the apex doctrine exists to prevent. *See Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 926 (8th Cir. 1999) (granting motion to quash because discovery sought for an improper purpose or to publicly embarrass a senior executive is not permissible under Rule 26).

      **B.**      **The Subpoena Subjects Non-Parties McDonald's Corp. and Mr. Kempczinski to An Undue Burden and "Must" Be Quashed Pursuant to Rule 45(d)(3)(iv).**

The subpoena must be quashed for an independent reason—namely, it imposes an undue burden upon Mr. Kempczinski and McDonald's Corp. (which has an interest in protecting the valuable time of its President and CEO). A court "must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). This provision is mandatory: once the subpoenaed party demonstrates undue burden, the court is required to quash or modify the subpoena. *Uppal v. Rosalind Franklin Univ. of Med. & Sci.*, 124 F. Supp. 3d 811, 813 (N.D. Ill. 2015) (recognizing that the "textually mandatory requirement" in Rule 45(d)(3)(A)(iv) differs from the discretionary language in Rule 26(c)). To determine whether a subpoena imposes an "undue burden," courts consider (1) the subpoenaed person's status as a non-party; (2) the relevance of the discovery sought; (3) the subpoenaing party's need for the information sought; (4) the breadth of the request; and (5) the burden imposed. *Earthy, LLC v. BB&HC, LLC*, No. 16 CV 4934, 2017 WL 4512761, at *3 (N.D. Ill. Oct. 10, 2017).

Plaintiffs seek to depose Mr. Kempczinski in his role as President and CEO of McDonald's Corp. But neither he nor McDonald's Corp. are parties to the C.D. Cal. Litigation, and thus, are entitled to greater protection. *See, e.g., Uppal*, 124 F. Supp. 3d at 813 ("[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to *special weight* in evaluating the balance of competing needs.") (emphasis in original). And a deposition of Mr. Kempczinski is indisputably burdensome to him and to McDonald's Corp., as it would require him to take time from his role at

13

the company to prepare and attend a deposition. Ex. 10 ¶ 6. The burden is further magnified given that the decisions at issue in the C.D. Cal. Litigation were made by employees of McDonald's USA, all of whom are several layers below the senior executives of McDonald's Corp., and do not report directly to Mr. Kempczinski. *In re Heartland Inst.*, No. 11 C 2240, 2011 WL 1839482, at *3 (N.D. Ill. May 13, 2011) (noting the "difference between the word 'relevant' and the concept of 'relevance to the merits of the litigation'" and quashing subpoena seeking information about non-party's actions, where the third party's actions were not central to the plaintiff's claims and the relevance of information sought was "purely hypothetical and tangential"). Plaintiff accordingly should not be permitted to force Mr. Kempczinski—McDonald's Corp.'s highest-ranking executive—to participate in an unnecessary and unduly burdensome deposition.

## II. THE COURT SHOULD ENTER A PROTECTIVE ORDER PRECLUDING PLAINTIFFS FROM SEEKING ENFORCEMENT OF THE SUBPOENA *DUCES TECUM.*

The subpoena also seeks production of "all" of Mr. Kempczinski's text messages with Mayor Lightfoot. Ex. 3, RFP No. 6. As an initial matter, there is no dispute that the text cited in the TAC is publicly available and that Plaintiffs have a copy of it. Where a plaintiff already has access to the requested information, "it weighs against compelling the discovery." *In re: Application Pursuant to 28 U.S.C. § 1782 of Japan Display, Inc. v. Tianma America, Inc.*, 2021 WL 5990191, at *15 (C.D. Cal. Oct. 1, 2021).

Rather, the dispute stems from the demand that McDonald's Corp. search for and produce all other text messages between Mr. Kemczinski and Mayor Lightfoot, regardless of their subject matter, for a six-month period. Plaintiffs have not articulated how this request is designed to elicit information relevant to the claims and defenses at issue in the litigation. *Black Knight Fin. Servs., Inc. v. Powell*, No. 3:14-MC-42-J-39MCR, 2014 WL 10742619, at *2 (M.D. Fla. Dec. 11, 2014) (observing that "it is the issuing party's burden to prove its requests are relevant"). Plaintiffs'

14

request for six-months-worth of text messages between the CEO of McDonald's Corp. and the Mayor of Chicago—neither of whom are parties to this case or have anything to with the actual allegations of intentional discrimination in this case—is nothing more than a transparent fishing expedition aimed only to embarrass and harass, and is precisely the type of request that Rules 45 and 26 were meant to guard against.

Finally, even if Plaintiffs could clear the relevance hurdle (which they have not attempted to do), Plaintiffs cannot establish that the request for "all" of the text messages is proportional to the needs of the case. Even where the requested information is relevant, the discovery at issue must still satisfy Rule 26(b)(1)'s proportionality test and, in the case of a Rule 45 subpoena, the additional requirement of Rule 45(d)(1) to "avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1); *see also Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006). Here, none of Rule 26(b)(1)'s proportionality factors are satisfied, particularly the importance of this discovery in resolving the issues given that they have *no* connection to any potential claim or defense at issue in this case. *See Laub v. Horbaczwski*, 331 F.R.D. 516, 523–24 (C.D. Cal. 2019) (CEO text messages on subjects unrelated to litigation were outside scope of Rule 26(b)(1) and not subject to discovery).

## **CONCLUSION**

For the foregoing reasons, Non-Parties McDonald's Corporation and Christopher Kempczinski respectfully request that the Court grant their motion and quash or otherwise prevent enforcement of the June 10, 2022 subpoena served by Plaintiffs on Mr. Kempczinski on June 11, 2022, and award Non-Parties any further relief that the Court deems appropriate, including costs and fees pursuant to Rule 45(d)(1).

Dated: January 27, 2023

Respectfully submitted,

/s/ *Amy C. Andrews*

Patricia Brown Holmes
Amy Andrews
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison St., Suite 2900
Chicago, IL 60602
Tel: 312-471-8700
pholmes@rshc-law.com
aandrews@rshc-law.com

John C. Hueston (*pro hac vice forthcoming*)
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Tel: 213-788-4340
jhueston@hueston.com

*Attorneys for Non-Parties McDonald's Corporation and Christopher Kempczinski*

## CERTIFICATE OF SERVICE

I, Amy C. Andrews, certify that on January 27, 2023, I served a copy of the foregoing Memorandum in Support of Motion of Non-Parties McDonald's Corporation and Christopher Kemczinski to Prevent Enforcement of Rule 45 Subpoena on the following counsel of record in *Entertainment Studios Networks, Inc., et al. v. McDonald's USA, LLC*, Case No. 2:21-cv-04972-FMO-MAA (C.D. Cal.), by causing a copy to be sent by electronic mail, addressed as follows:

| | |
|---|---|
| Shalem A. Massey (smassey@rshc-law.com)<br>Jennifer R. Steeve (jsteeve@rshc-law.com)<br>RILEY SAFER HOLMES AND CANCILA LLP<br>100 Spectrum Center Drive, Suite 650<br>Irvine, California 92618<br><br>Patricia Brown Holmes<br>(pholmes@rshc-law.com)<br>Amy C. Andrews (aandrews@rshc-law.com)<br>RILEY SAFER HOLMES AND CANCILA LLP<br>70 West Madison Street, Suite 2900<br>Chicago, Illinois 60602<br><br>Loretta E. Lynch (lelynch@paulweiss.com)<br>PAUL WEISS RIFKIND WHARTON AND GARRISON LLP<br>1285 Avenue of the Americas<br>New York, New York 10019<br><br>John C. Hueston (jhueston@hueston.com)<br>Moez M. Kaba (mkaba@hueston.com)<br>HUESTON HENNIGAN LLP<br>523 West Sixth Street Suite 400<br>Los Angeles, CA 90014<br><br>*Attorneys for Defendant McDonald's USA, LLC* | David W. Schecter<br>(dschecter@millerbarondess.com)<br>Louis R. Miller<br>(smiller@millerbarondess.com)<br>Murad Salim<br>(msalim@millerbarondess.com)<br>MILLER BARONDESS LLP<br>1999 Avenue of the Stars Suite 1000<br>Los Angeles, California 90067<br><br>*Attorneys for Plaintiffs Entertainment Studios Networks, Inc. and Weather Group, LLC* |

/s/ *Amy C. Andrews*
Amy C. Andrews