# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ENTERTAINMENT STUDIOS NETWORKS, INC., a California corporation; WEATHER GROUP, LLC, a Delaware limited liability company,<br><br>   Plaintiffs,<br><br>v.<br><br>McDONALD'S USA LLC, a Delaware limited liability company,<br><br>   Defendant. | Case No. 1:23-cv-00529<br><br>Case in Other Court: 2:21-cv-04972-FMO-MAA (C.D. Cal. 2021) |

## DECLARATION OF AMY C. ANDREWS

I, Amy C. Andrews, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a partner at Riley Safer Holmes & Cancila LLP, and am licensed to practice in Illinois and before this Court. I represent Defendant McDonald's USA, LLC ("McDonald's USA") in the above-captioned case, currently pending in the Central District of California as Case No. 2:21-cv-04972-FMO-MAA (the "C.D. Cal. Litigation"), as well as non-parties McDonald's Corporation ("McDonald's Corp.") and Christopher Kempczinski, the current CEO and President of McDonald's Corp (collectively, the "Non-Parties" or "Movants").

2. I submit this declaration in support of the Non-Parties' motion to quash, or in the alternative, for a protective order regarding the Rule 45 subpoena issued by Plaintiffs to Mr. Kempczinski. The statements in this declaration are based on my personal knowledge and belief after reasonable inquiry.

3. Counsel for the Parties and Non-Parties have made a good faith effort to resolve their dispute regarding the Rule 45 subpoena issued by Plaintiffs to Mr. Kempczinski, but have been unable to reach an accord.

4. Attached hereto as Exhibit 1 is a true and correct copy of the Third Amended Complaint ("TAC") filed by Plaintiffs in the C.D. Cal. Litigation on December 23, 2021.

5. Attached hereto as Exhibit 2 is a true and correct copy of the current scheduling order entered by Judge Olguin in the C.D. Cal. Litigation on November 28, 2022.

6. Attached hereto as Exhibit 3 is a true and correct copy of the Rule 45 Subpoena to Testify at a Deposition in a Civil Action that Plaintiffs served on counsel for Defendant and the Non-Parties on June 11, 2022.

7. On March 30, 2022, David Schecter, counsel for the Plaintiffs, sent a letter to me identifying individuals that Plaintiffs would seek to depose in the C.D. Cal. Litigation, including Mr. Kempczinski. Mr. Schecter and I met and conferred via telephone on this issue on March 25, 2022, and on April 19, 2022, I sent Mr. Schecter a letter stating that because Mr. Kempczinski was not an employee of Defendant McDonald's USA, any request to depose him would need to be made by way of a Rule 45 subpoena, but that even if Plaintiffs were to issue such a subpoena, McDonald's USA would object on the basis of the apex doctrine (as Mr. Kempczinski has no unique, first-hand knowledge of the facts at issue in the C.D. Cal. Litigation), and McDonald's would seek to quash and/or for a protective order. On May 3, 2022, Mr. Schecter sent me a letter asking if I would accept service of a subpoena to Mr. Kempczinski, but also agreeing to address the apex objection by first deposing lower-level McDonald's USA employees. On June 6, 2022, Mr. Schecter again inquired by letter whether I would accept a subpoena on behalf of Mr. Kempczinski. On June 10, 2022, I sent Mr. Schecter a letter referencing his May 3, 2022

2

agreement to first depose lower level witnesses, and stating that since those depositions had not yet taken place, "further discussion regarding whether Plaintiffs have established a basis for depositions of any senior executives of McDonald's Corp. is not yet ripe." True and correct copies of the correspondence between me and Mr. Schecter is attached hereto as Exhibit 4.

8.     Thereafter, also on June 10, 2022, Plaintiffs' counsel sent Defendant's counsel a notice of Rule 45 subpoena *duces tecum* and *ad testificandum* to Mr. Kempczinski.  On June 11, 2022, I emailed Mr. Schecter stating that I would accept service of the subpoena to Mr. Kempczinski on behalf of McDonald's Corp., and that "[a]s we have previously advised you, we will move to quash and/or for a protective order."  In response, Mr. Schecter requested that a meet and confer regarding any motion practice, and on June 14, 2022, Mr. Schecter and I spoke via telephone, at which time I reiterated the apex doctrine and relevancy objections to the subpoena to Mr. Kempczinski.  On June 23, 2022, I sent Mr. Schecter a letter reiterating the objections to the subpoena, and stating that "[i]n order to avoid any unnecessary motion practice … and given Plaintiffs' agreement to postpone seeking to depose … Mr. Kempczinski until after depositions of McDonald's USA witnesses," McDonald's USA requested that Plaintiffs "immediately withdraw" the subpoena and reissue it after completion of the lower-level depositions necessary to address the apex objection.  On June 24, 2022, Mr. Schecter refused to withdraw the subpoena but said Plaintiffs would put it "on hold and not seek to enforce [it] until [Plaintiffs] have deposed" lower-level witnesses.  In addition, Mr. Schecter stated that Plaintiffs "will not argue McDonald's has waived, or unduly delayed, in seeking to prevent these depositions through a motion to quash or motion for protective order."  True and correct copies of the correspondence between me and Mr. Schecter is attached hereto as Exhibit 5.

3

9. On September 16, 2022, Judge Olguin denied McDonald's USA's motion to dismiss the TAC in the C.D. Cal. Litigation. A true and correct copy of the MTD Opinion is attached hereto as Exhibit 6.

10. On September 27, 2022, Mr. Schecter sent me a letter stating that it was Plaintiffs' position that compliance with the subpoena to Mr. Kempczinski was warranted because the MTD Opinion stated that "the Ninth Circuit has held that remarks by a corporation's 'senior management' that 'suggest the existence of racial bias' can support a § 1981 claim," (Ex. 6 at 11:9-10 (citation omitted)) and thus, the TAC's allegations of "corporate culture," including those relating to a text message sent by Mr. Kempczinski to Chicago Mayor Lori Lightfoot, could be considered. On October 7, 2022, Mr. Schecter and I met and conferred via telephone on this issue. On October 12, 2022, I emailed Mr. Schecter and stated that McDonald's Corp. would seek to quash and/or for a protective order regarding the subpoena directed to Mr. Kempczinski. Pursuant to the Local Rules for the Central District of California, counsel then held an Informal Discovery Conference ("IDC") with Magistrate Judge Audero on October 28, 2022. Judge Audero noted that Plaintiffs had not satisfied their obligation to depose lower-level employees and thus, the apex objection to Mr. Kempczinski's deposition remained valid. Counsel was unable to reach an accord regarding the subpoena to Mr. Kempczinski at the October 28, 2022 IDC. True and correct copies of the correspondence between me and Mr. Schecter and excerpts of the transcript from the Informal Discovery Conference in the C.D. Cal. Litigation is attached hereto as Exhibit 7.

11. On October 29, 2022, Mr. Schecter sent me a letter asking whether McDonald's Corp. would reconsider its position regarding the subpoena to Mr. Kempczinski. In a November 9, 2022 email exchange, I informed Mr. Schecter that McDonald's Corp. would make its Global Chief Marketing Officer, Morgan Flatley, available for a limited deposition (as she would be able

4

to further address the lack of unique, first-hand knowledge of Mr. Kempczinski regarding the facts at issue in the litigation and further substantiate the apex objection), but that its position with regard to the subpoena to Mr. Kempczinski remained as previously stated. True and correct copies of the correspondence between me and Mr. Schecter is attached hereto as Exhibit 8.

12. On January 5, 2023, pursuant to Central District of California Local Rule 37-2, Counsel for Plaintiffs, Defendant and the Non-Parties filed with the United States District Court for the Central District of California a Joint Stipulation regarding the subpoena to Mr. Kempczinski. The Joint Stipulation identified the following two issues of dispute regarding the subpoena to Mr. Kempczinski: (a) Document Request No. 6, which seeks production of "all" text messages between Mr. Kempczinski and Lori Lightfoot from January 1, 2021 through June 30, 2021 and (b) a deposition of Mr. Kempczinski. Plaintiffs sought an order directing compliance with the subpoena; McDonald's Corp. sought an order quashing the subpoena. A true and correct copy of the redacted version of the Joint Stipulation is attached hereto as Exhibit 9.

13. A declaration from Mr. Kempczinski was submitted in support of the Joint Stipulation in which he stated that he had no first-hand, unique knowledge regarding the advertising decisions that are at issue in the C.D. Cal. Litigation. A true and correct copy of Mr. Kempczinski's declaration is attached hereto as Exhibit 10.

14. On January 17, 2023, Magistrate Judge Audero held an IDC via Zoom with me and Mr. Schecter regarding the Joint Stipulation, at which time, the Court advised that pursuant to Fed. R. Civ. P. 45, only the court for the district where compliance is required has jurisdiction to hear a motion to quash, modify or for contempt, and that Counsel's prior agreement to resolve all disputes relating to enforcement of the Kempczinski subpoena in the C.D. Cal. Litigation (*see* A. Andrews' 6/23/22 letter, Ex. 5 at 4) was not sufficient to confer jurisdiction in the Central District

of California. The Court further directed Counsel to meet and confer regarding how they would like to proceed. A true and correct copy of Judge Audero's January 18, 2023 Order is attached hereto as Exhibit 11.

15. On January 18, 2023, Mr. Schecter and I met and conferred via telephone. At that time, I inquired as to whether, in light of Judge Audero's guidance at the January 17, 2023 IDC, Plaintiffs would be willing to consider a compromise such that the parties could avoid further motion practice in the Northern District of Illinois, and specifically, whether they would (a) withdraw document request No. 6; and (b) agree to a deposition of Mr. Kempczinski limited in (i) time and (ii) scope (and specifically, to the two specific issues identified by Judge Audero as those upon which he appeared to have first-hand knowledge, namely, the text message to Mayor Lightfoot and the statements contained in the *Guster-Hines* complaint alleged to have been made by Mr. Kempczinski (*see* TAC ¶¶ 3, 6). In an email to Mr. Schecter on January 20, 2023, I reiterated this request and specifically proposed the following compromise: a deposition conducted remotely via Zoom that is limited to 30 minutes on the record and the two topics on which he has first-hand knowledge, i.e, the April 2021 text to Mayor Lightfoot and the statement alleged in the Third Amended Complaint filed in the *Guster-Hines* litigation to have been made by Mr. Kempczinski." On January 23, 2023, Mr. Schecter declined, maintaining that Plaintiffs were entitled to all of Mr. Kempczinski's text messages, a five-and-half hour deposition of Mr. Kempczinski regarding "the corporate culture allegations in the [TAC]," as well making a new demand for a McDonald's Corp. Rule 30(b)(6) witness on the same topics. Mr. Schecter and I had further meet and confers via telephone during the week of January 23, 2023, but were unable to reach agreement. True and correct copies of the correspondence between me and Mr. Schecter is attached hereto as Exhibit 12.

6

16. On July 15, 2022, Plaintiffs served McDonald's USA with a notice of Rule 30(b)(6) deposition of McDonald's USA, identifying 36 topics of examination. Topic No. 32 sought testimony regarding "McDonald's CEO, Chris Kempczinski's text message to Mayor Lightfoot and McDonald's response and investigation in connection therewith." Topic 33 sought testimony regarding "Findings made by any internal committee or board that reviews and comments on claims of mistreatment by McDonald's franchisees against McDonald's as to claims of mistreatment made by Herb Washington or any of his affiliated companies or associates." On August 1, 2022, I wrote to Mr. Schecter informing Plaintiffs that McDonald's USA objected to Topic Nos. 32-36 and that it would not produce a witness on any of those topics. Mr. Schecter and I met and conferred via telephone on this issue on August 2, 2022, and on August 4, 2022, Mr. Schecter sent me a letter stating that Plaintiffs agreed that McDonald's USA need not produce a witness for Topic Nos. 32, 33, and 36. True and correct copies of the Rule 30(b)(6) notice of deposition and the correspondence between me and Mr. Schecter is attached hereto as Exhibit 13.

17. Attached as Exhibit 14 is a true and correct copy of excerpts from the transcript of the August 24, 2022 deposition of Alycia Mason.

18. Attached as Exhibit 15 is a true and correct copy of excerpts from the transcript of the August 26, 2022 deposition of Jennifer Feldman.

19. Attached as Exhibit 16 is a true and correct copy of excerpts from the transcript of the October 3, 2022 deposition of Darren Galatt.

20. Attached as Exhibit 17 is a true and correct copy of excerpts from the transcript of the October 4, 2022 deposition of Barbara Bekkedahl.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 27th day of January 2023 in Chicago, Illinois.

                                                              */s/ Amy C. Andrews*
                                                              Amy C. Andrews

## CERTIFICATE OF SERVICE

I, Amy C. Andrews, certify that on January 27, 2023, I served a copy of the foregoing Declaration of Amy C. Andrews on the following counsel of record in *Entertainment Studios Networks, Inc., et al. v. McDonald's USA, LLC*, Case No. 2:21-cv-04972-FMO-MAA (C.D. Cal.), by causing a copy to be sent by electronic mail, addressed as follows:

| | |
|---|---|
| Shalem A. Massey (smassey@rshc-law.com) <br> Jennifer R. Steeve (jsteeve@rshc-law.com) <br> RILEY SAFER HOLMES AND CANCILA LLP <br> 100 Spectrum Center Drive, Suite 650 <br> Irvine, California 92618 <br><br> Patricia Brown Holmes <br> (pholmes@rshc-law.com) <br> Amy C. Andrews (aandrews@rshc-law.com) <br> RILEY SAFER HOLMES AND CANCILA LLP <br> 70 West Madison Street, Suite 2900 <br> Chicago, Illinois 60602 <br><br> Loretta E. Lynch (lelynch@paulweiss.com) <br> PAUL WEISS RIFKIND WHARTON AND GARRISON LLP <br> 1285 Avenue of the Americas <br> New York, New York 10019 <br><br> John C. Hueston (jhueston@hueston.com) <br> Moez M. Kaba (mkaba@hueston.com) <br> HUESTON HENNIGAN LLP <br> 523 West Sixth Street Suite 400 <br> Los Angeles, CA 90014 <br><br> *Attorneys for Defendant McDonald's USA, LLC* | David W. Schecter <br> (dschecter@millerbarondess.com) <br> Louis R. Miller <br> (smiller@millerbarondess.com) <br> Murad Salim <br> (msalim@millerbarondess.com) <br> MILLER BARONDESS LLP <br> 1999 Avenue of the Stars Suite 1000 <br> Los Angeles, California 90067 <br><br> *Attorneys for Plaintiffs Entertainment Studios Networks, Inc. and Weather Group, LLC* |

/s/ *Amy C. Andrews*
Amy C. Andrews